IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GUADALUPE BETANCOURT, Individually, | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. A09CV 783LY |
| MACY'S DEPARTMENT STORES, INC. a Foreign Corporation, | § § § | |
| Defendant. | § § | |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT

COMES NOW the Defendant, Macy's Department Stores, Inc., (n/k/a Macy's West Stores, Inc.) ("Macy's"), and in support of Macy's Motion to Dismiss, states as follows:

## INTRODUCTION

Plaintiff's Complaint is deficient for two reasons.  First, Plaintiff has failed to establish standing before this Court, and therefore, this Court lacks the subject matter jurisdiction to hear these claims. Fed. R. Civ. 12(b)(1).  Second, assuming, *arguendo*, that Plaintiff has established standing, Plaintiff's claims fail to state a claim as a matter of law. Fed. R. Civ. (12)(b)(6). Plaintiff has filed a Complaint against Macy's alleging that it has violated the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA").  Plaintiff, who states that she qualifies under the ADA as an individual with an unspecified disability, claims that while at the subject matter property, on an unspecified date, she encountered unspecified barriers that prohibited her from accessing the Defendant's property and enjoying equal access to the goods and services offered there. *Complaint*, ¶ 5.  Plaintiff, a resident of Cowley County, Kansas, also claims that she plans to return to this Macy's property located in Cedar Park, Texas, at an unspecified future

date, in order to avail herself of the goods and services offered to the public. *Complaint*, ¶¶ 1, 5. Simply put, Plaintiff's Complaint is filled with legal conclusions and not enough facts. Thus, as a matter of law, this Court should dismiss Plaintiff's Complaint against Macy's, or in the alternative, order that Plaintiff file an Amended Complaint to provide a sufficient factual basis to support her claims and allegations against Macy's.

## ARGUMENT AND AUTHORITIES

**PROPOSITION I.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THIS PLAINTIFF DOES NOT HAVE STANDING AND, THEREFORE, THE COURT LACKS SUBJECT MATTER JURISDICTION OVER ALL OF PLAINTIFF'S CLAIMS.**

It is well settled that "standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of the parties' claims." *Bochese v. Town of Ponce Inlet,* 405 F.3d 964, 974 (11th Cir. 2005); *Access 4 All v. Oak Spring, Inc.,* 2005 U.S. Dist. Lexis 20218, *14 (M.D.Fla. 2005). The issue of standing is rooted in the Constitution's Article III case or controversy requirement and, as such, it implicates an analysis of whether this Court has subject matter jurisdiction to hear this matter. *Id.* Plaintiff has failed to sufficiently plead or establish that she has suffered an injury in fact as a result of her visit to Macy's. Specifically, Plaintiff has failed to establish through her Complaint that there is a realistic likelihood she will return to the subject property.

To meet the "constitutional minimum" requirements of standing, Plaintiff must establish three elements: 1) injury in fact; 2) causal relationship between injury and the defendant's challenged conduct; and 3) the likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To establish injury in fact, Plaintiff must show that the harm she allegedly suffered is "actual or imminent, and not abstract, conjectural or hypothetical." *Doe v. Beaumont I.S.D.,* 240 F.3d. 462, 466 (5th Cir 2001). In addition, because Plaintiff seeks injunctive relief, she must also allege a "real and

immediate as opposed to merely conjectural or hypothetical threat of *future* injury." *Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1373 (M.D. Fla. 2004). *See also Plumley v. Landmark Chevrolet Inc.*, 122 F.3d 308, 312 (5th Cir. 1997). These elements are more than mere pleading requirements, but "rather an indispensable part" of Plaintiff's case. *Lujan*, 504 U.S. at 560-51.

Plaintiff cannot establish that she has suffered an "injury in fact" because Plaintiff has not pled, and cannot plead that there is a reasonable likelihood that she will return to the property. *See Luhan*, 504 U.S. at 564. Plaintiff resides more than 500 miles from the property at issue. When evaluating a plaintiff's intention to return to the public accommodation at issue, Courts place great emphasis on the plaintiff's proximity to the location at issue. *See Harris v. Del Taco, Inc.* 396 F. Supp. 2d 1107, 1113 (C.D.Cal. 2005)(finding plaintiff lacked standing, in part, because he resided over 500 miles from subject matter property); *Brother v. Tiger Partner, LLC*, 331 F. Supp.2d at 1373 (finding plaintiff lacked standing when he lived more than two hundred and eighty miles from subject property); *Disabled Patriots of America, Inc. v. City of Trenton, New Jersey*, 2008 U.S. Dist. Lexis 73010 *8 (D. N.J. 2008) ("Generally, [c]ourts have consistently maintained that a distance of over 100 miles weighs against finding a reasonable likelihood of future harm".) In this case, Plaintiff lives approximately 522 miles away from the Macy's location that she has allegedly visited.[1] Thus, Plaintiff's distance from the subject matter property weighs against a finding of standing and subject matter jurisdiction.

In addition, Plaintiff cannot establish standing because she has failed to plead more than a plan to "some day" return to the subject matter property. In her boilerplate Complaint, Plaintiff pleads generic claims that she "plans to return to the property to avail herself of the goods and

---

[1] Plaintiff alleges that she is a resident of Kansas in the County of Cowley. *See* Complaint, ¶1. A Mapquest inquiry reveals that the distance between the center of Cowley County, Kansas and Lakeline Mall is approximately 522 miles.

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT AND BRIEF IN SUPPORT**                                                                                                        **Page 3**

services offered…" *Complaint,* ¶¶ 2, 5.  As a matter of law, Plaintiff cannot rest on the mere allegation that she plans to "some day" return to Macy's at Lakeline Mall.  *See Lujan*, 504 U.S. at 564; *Norkunas v. Wynn Las Vegas*, 2009 U.S.App. Lexis 19240 *9 (9th Cir. 2009) *citing Tandy v. City of Wichita*, 380 F.3d 1277, 1288 (10th Cir. 2004).  Plaintiff's allegations are insufficient to meet her burden at this stage of the litigation.  Thus, this Court lacks subject matter jurisdiction over this case, and pursuant to FED. R. CIV. P. 12(b)(1),  Plaintiff's claims should be dismissed as a matter of law.

### PROPOSITION II.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO ADEQUATELY PLEAD A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Even if this Court finds that Plaintiff surpasses the hurdle of establishing standing, Plaintiff's boilerplate pleadings do not provide Macy's with enough information to provide a meaningful response to her Complaint.  In fact, Plaintiff's Complaint in this matter is virtually

identical to the *twenty-four* other complaints filed on Plaintiff's behalf in federal courts Kansas, Oklahoma, and Texas many of which have been filed in this very District.[2]

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to submit a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. 8(a)(2). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed.2nd 929 (2007) (internal citation omitted). In effect, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (internal citation omitted); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50, 173 L. Ed.2d 868 (2009). Indeed, Plaintiff fails to meet the elevated pleading standards set forth by the Supreme Court in *Bell Atlantic Corp. et al. v. Twombly*, *et al.*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal et al.*, 129 S.Ct. 1937 (2009) and their progeny. Like

---

[2] A review of Pacer as of January 7, 2010 shows that Plaintiff as an individual or in conjunction with an association known as the Disabled Patriots of America has filed the following Complaints:
*Disabled Patriots of America, Inc. et al v. Dillon Real Estate Co., Inc.*, Case No. 6:08 cv-01215-WEB-DWB, District of Kansas, filed on 7/7/08; *Disabled Patriots of America*, *Inc. et al. v. Builders, Inc.*, Case No. 6:08-cv-01216-MLB-KMH, District of Kansas, filed on 7/7/08; *Disabled Patriots of America, Inc., et al. v. Moutaingate Comotara, LLC*. 6:08 cv 031314 DWB; District of Kansas, filed on 10/17/08; *Betancourt v. Wichita Inn North, LLC,* Case No. 6:09-cv-1055-EFM-DWB, District of Kansas filed on 3/11/09; *Betancourt v. Towne West Square, LLC*, Case No. 6:09-cv-01056-EFM-DWB; *Betancourt v. Sonar Sangam, Inc.*, Case No. 6:09-cv-01071-MLB-KMH, District of Kansas, filed on 3/23/09; *Betancourt v. SH Hospitality, LLC*., Case No. 6:09-cv-01082 – KMH, District of Kansas, filed on 3/31/2009; *Betancourt v. Burning Hills Hotel*, Case No. 4:09-cv-00293-CVE-PJC, Northern District of Oklahoma, filed on 5/19/09; *Betancourt v. Hooters of Tulsa, Inc.*, Case No. 4:09-cv-00357-FHM, Northern District of Oklahoma, filed on 6/09/09; *Betancourt v. Tulsa Hills, LLC,* Case No. 4:09-cv-00362-TCK-TLW, Northern District of Oklahoma, filed on 6/10/09; *Betancourt v. Ruffin Hotel of Tulsa, LLC*, Case No. 4:09-cv-00436, Northern District of Oklahoma, filed on 7/07/09; *Betancourt v. Simon Property Group, Inc., et al.*, Case No. 4:09cv-00472-CVE-PJC, Northern District of Oklahoma, filed on 7/21/09; *Betancourt v. MDS Realty II, LLC*, Northern District of Oklahoma, filed 7/21/09; *Betancourt v. Farm Properties, Inc.*, Case No. 4:09-cv-00516-TCK-TLW, Northern District of Oklahoma, filed on 8/13/09; *Betancourt v. ERP Mingo Marketplace, LLC*, Case No. 4:09-cv-00520-CVE-FHM, Northern District of Oklahoma, filed on 8/13/09; *Betancourt v. 1999 Union Plaza, L.P.et al.,* Case No. 4:09-cv-00520-CVE-TLW; *Betancourt v. Wichita Airport Hotel Associates, L.P.*, 6:09-cv-01255-JTM-KMH, District of Kansas, filed on 8/26/09; *Betancourt v. Texas Sierra Hospitality Group*, Case No. 1:09CV00781, Western District of Texas, filed on 10/26/09; *Betancourt v. Hilton Hotels Corporation*, Case No. 1:09CV00782, Western District of Texas, filed on 10/26/09; *Betancourt v. Wings of Austin Club, Inc.*, Case No. 1:09CV00784, Western District of Texas, filed on 10/26/09; *Betancourt v. CK Hall, LLC, et al,* Case No. 1:09CV00865, Western District of Texas, filed on 10/22/09; *Betancourt v. Alamo Quarry Market, Ltd*, Case No. 5:09CV00867, Western District of Texas, filed on 10/23/09; *Betancourt v. Macy's Department Stores, Inc.,* Case No. SA 09-CA-0868, Western District of Texas, filed on 10/23/09; *Betancourt v. Federated Dept Stores, Inc.,* Case No. SA-09-CA0856, Western District of Texas, filed on 10/20/09.

the pleadings in *Twombly* and *Iqbal*, in this matter Plaintiff's Complaint is riddled with conclusory "formulaic recitation of the elements" of ADA and the ADA Accessibility Guidelines ("ADAAG").

In Paragraph 10 of her pleading,[3] Plaintiff lists four general areas in which she alleges Macy's is in violation of the ADA and ADAAG. *Complaint*, ¶10. For example, the subsection labeled "Parking" contains three statements comprised solely of legal conclusions. *See Complaint*, ¶10, Parking, 1-3. Plaintiff does not plead any facts regarding the location of the accessible spaces that are allegedly in violation of ADAAG. *Complaint*, ¶10. Nor does she provide a description of any of the barriers that she allegedly encountered in the parking area, or how these alleged barriers impacted her ability to access the store. *Id.* Similarly, in each of the remaining three sections, Plaintiff provides no underlying factual details. "Mere legal conclusions, however, are not entitled of the presumption of truth – they must be supported by factual allegations." *Garrett v. Semark,* 2009 U.S. Dist. LEXIS 110766, *3 (W.D. Tex.2009) (Sparks, J. presiding), *citing Iqbal*, 129 S. Ct. at 1950. Since Plaintiff's Complaint here is basically devoid of any underlying facts, Macy's has not been provided with the requisite "fair notice" to respond to Plaintiff's Complaint.

## CONCLUSION

Based upon the analysis and authorities referenced above, the Defendant, Macy's, respectfully requests this Court to grant Macy's Motion to Dismiss, or in the alternative, to require the Plaintiff to amend her Complaint to provide the requisite factual basis for her alleged claims, and to grant any other such relief to this Defendant as this Court deems appropriate.

---

[3] The subject matter property is the Macy's located at Lakeline Mall at 11250 Lake Stop Boulevard, Cedar Park, Texas, 78613. *Complaint, ¶*2.

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S**
**COMPLAINT AND BRIEF IN SUPPORT**                                                         **Page 6**

Respectfully submitted,

   /s/ Rachel D. Ziolkowski
Paul E. Hash, Esq.
Attorney in Charge
Texas Bar No. 09198020
hashp@jacksonlewis.com

Rachel D. Ziolkowski, Esq.
Texas Bar No. 24003234
ziolkowr@jacksonlewis.com

JACKSON LEWIS LLP
3811 Turtle Creek Blvd., Suite 500
Dallas, Texas 75219-4497
PH:  (214) 520-2400
FX:  (214) 520-2008

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Texas on January 8, 2010, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Pete M. Monismith, Esq.
Thomas B. Bacon, P.A.
1710 Quarry Lane
Apollo, PA  15613

   /s/ Rachel D. Ziolkowski
ONE OF COUNSEL